**LI QIN LIN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–2882.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 2, 2010.

Filed: July 8, 2010.

---

David Z. Su, Esq., El Monte, CA, for Petitioner.

Jeffrey Bernstein, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Virginia M. Lum, Esq., Anthony J. Messuri, Esq., Joan E. Smiley, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: SLOVITER, BARRY and HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

HARDIMAN, Circuit Judge.

Li Qin Lin petitions for review of an order of the Board of Immigration Appeals (BIA) denying her application for asylum and withholding of removal. We will deny the petition.

### I.

Because we write for the parties, we recount only the essential facts and procedural history.

A citizen of China, Lin left her parents' home to live in her employer's dormitory. While living there, a friend introduced her to Falun Gong, which Lin practiced in the dormitory several times a week. One night police searched Lin's room and, after finding Falun Gong books and media, they arrested and interrogated Lin and her friend.

Officers beat Lin for ten minutes and detained her in a cell by herself. She was fed one bowl of a rice a day for eight days. On the eighth day, Lin was released when her parents paid the police and promised

she would cooperate with them. Lin had some bruises from the beating that she treated at home but did not seek medical attention.

After the arrest, Lin lost her job and moved back in with her parents, where she continued practicing Falun Gong late at night to avoid detection. Police twice summoned Lin to the police station where they questioned her about Falun Gong for about thirty minutes each time. Both times she was released without being harmed or threatened.

After receiving a third summons from police, Lin's parents became concerned and paid a smuggler to transport her to the United States. She found a job in South River, New Jersey and claims she continued practicing Falun Gong alone in her dorm room in South River with the door closed and occasionally with a group in Grand Street Park in New York City.

Shortly after Lin entered the country, the Department of Homeland Security initiated removal proceedings. She conceded removability, then applied for asylum and withholding of removal and sought protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied her requests and ordered Lin's removal to China. The BIA affirmed and Lin timely petitioned for review of the denials of her requests for asylum and withholding of removal, but not her CAT claim.

We have jurisdiction over Lin's petition for review pursuant to 8 U.S.C. § 1252. Where the BIA issues a decision on the merits, as opposed to a summary affirmance, we review the BIA's decision for substantial evidence. *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir.2006). Because the BIA's decision affirmed and reiterated the IJ's corroboration analysis, however, we review the IJ's corroboration determination along with the BIA's deci-

sion. *Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir.2009).

Factual findings, including findings related to persecution and fear of persecution, are conclusive as long as they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citing 8 U.S.C. § 1105a(a)(4)). We will reverse the factual findings only if the evidence "was so compelling that no reasonable factfinder could fail to find" for the petitioner. *Id.* at 483–84, 112 S.Ct. 812. We also give deference to the IJ's corroboration determination: "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ... unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4)(D).

## II.

Lin claims she qualifies for asylum because she suffered past persecution and has a well-founded fear of future persecution on account of her practice of Falun Gong. The BIA denied asylum because it found that her past abuse did not rise to the level of persecution and she did not show a well-founded fear of future persecution.

### A.

■ As for her claim of past persecution, we agree with the BIA that Lin was abused when she was detained and fed inadequately for eight days. She was also beaten for ten minutes, which caused bruising but did not require medical treatment. After her release, Chinese authorities questioned Lin twice but did not rearrest or threaten her. Although this abuse

is deplorable, the BIA did not err when it held that it did not rise to the level of persecution. *Jarbough v. Att'y Gen.,* 483 F.3d 184, 191–92 (3d Cir.2007).

### B.

■ The BIA also found that Lin did not establish an objectively reasonable or well-founded fear of future persecution if she is returned to China. We find this conclusion supported by substantial evidence as well. Lin's friend, who was arrested with her, still practices Falun Gong in China but has not been rearrested or threatened. The BIA did not err in holding that there is no basis for concluding that Lin would be treated differently. Indeed, when Lin was called back to the police station, she received essentially the same treatment as her friend.

Lin argues that she established a reasonable fear of future persecution because she testified that Chinese officials continue to pursue her by monitoring and harassing her parents. The BIA found that Lin did not present sufficient evidence that Chinese police are still interested in her. Lin claims her testimony must be credited because the IJ did not make an adverse credibility determination. Even when credited, however, Lin's testimony does not satisfy her burden of proof.

First, Lin testified only to her personal belief that her parents were being harassed and monitored. This belief was based on conversations in which she claims her parents implied that they were being harassed and monitored. As the BIA explained, Lin "speculated" about the harassment because she conceded that her parents never told her about it directly. Furthermore, her mother submitted an af-

fidavit in this case that does not refer to any harassment. While Lin inferred that her parents were being harassed, the BIA was not required to draw the same inference. To the contrary, the BIA was entitled to infer that Lin's parents never mentioned harassment because there was none.

Second, under the REAL ID Act, the IJ was allowed to require corroborating evidence, even for credible testimony. 8 U.S.C. § 1158(b)(1)(B)(ii). Lin has not provided any evidence to corroborate her credible testimony that she believes her parents are still being harassed. Indeed, the only evidence from her parents is her mother's affidavit, which does not mention any harassment. The statute excuses corroborating evidence when "the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). But Lin did not show that she could not reasonably obtain such evidence.

Similarly, the IJ found and the BIA affirmed that Lin did not present corroborating evidence that she continues to practice Falun Gong, which is the basis for Lin's alleged fear of future persecution.[1] Lin claims she should be excused from providing such evidence because she could not obtain the corroborating testimony. Her explanations were inconsistent, however, as she claimed: (1) she never asked any of her fellow practitioners; (2) she did not know whom to ask; (3) she asked some of the regular practitioners but they refused to testify because they are also undocumented aliens; and (4) she did not ask the regular practitioners because she assumed they were undocumented aliens.

---

1. Lin also argues that she had an objectively reasonable fear of future persecution because the 2005 Country Report on China states that even former Falun Gong practitioners are

persecuted. Because Lin failed to raise this argument in the BIA, it is waived. *Joseph v. Att'y Gen.,* 465 F.3d 123, 126 (3d Cir.2006).

Those inconsistent responses are plainly insufficient to justify Lin's failure to present corroborating evidence. Therefore, the BIA did not err in concluding that she did not have an objectively reasonable fear of future persecution. Consequently, there was no error in denying Lin's request for asylum.[2]

For the foregoing reasons, the BIA's decision was supported by substantial evidence and we will deny Lin's petition for review.

---

2. Because there is a higher burden for withholding of removal than for asylum, Lin's claim for withholding necessarily fails. *See* *Zubeda v. Ashcroft,* 333 F.3d 463, 469–70 (3d Cir.2003).